IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:10-CV-303-F

| | |
|---|---|
| EDGAR JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| BAC HOME LOANS SERVICING, | ) |
| LP, *et al.*, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court upon the following motions:

1) Defendant's BAC Home Loans Servicing, LP's ("BAC") motion to determine sufficiency of answers to its first set of requests for admissions to Plaintiff(DE-36); and

2) BAC's motion to compel compliance with BAC's first set of interrogatories (DE-38).

Both of these motions have been responded to (DE's 41-42), and they are now ripe for adjudication.

BAC served its First Set of Requests for Admission ("Requests for Admission") upon Plaintiff on March 30, 2011. Plaintiff requested additional time to respond to the Requests for Admission and BAC gave him an informal extension to serve his responses. Ultimately, Plaintiff failed to answer BAC's Requests for Admission. Instead, on May 4, 2011 Plaintiff filed two objections. Specifically, Plaintiff argued that: 1) BAC's

Requests for Admission exceeded the number allowed under the Federal Rules of Civil Procedure; and 2) he did not "have the information or knowledge or expertise" to respond to BAC's Requests for Admission. (DE-37, pg. 3). BAC agreed to give Plaintiff until June 13, 2011 to supplement his responses. In his supplemented responses, Plaintiff against objected based on the fact that he never agreed to the number of requests for admission. Furthermore, he failed to offer any specific objections to each individual Requests for Admission.

Likewise, BAC also filed its First Set of Interrogatories ("Interrogatories") upon Plaintiff on March 30, 2011. As with the Requests for Admission, BAC gave Plaintiff an informal extension of time to respond to the Interrogatories. Plaintiff responded on May 4, 2011. BAC contends that Plaintiff's responses to the Interrogatories were evasive and did not answer the specific questions propounded. Again, BAC gave Plaintiff until June 13, 2011 to file supplemental responses. In his supplemented responses, the Plaintiff only offered the same objections and information that he previously provided.

In response, Counsel notes that "Plaintiff has until very recently represented himself in this litigation." (DE-41). Moreover, "[o]n August 13, 2011, Plaintiff prepared Supplemental Responses to Interrogatory Responses and Supplemental Responses and Objections to Defendant BAC's Requests for Admissions and served them on [BAC]." The instant motions were filed on August 14, 2011.

Based on this response, it unclear whether BAC has fully complied with Local Civil Rule 7.1(c). *See also*, F.R.Civ.P. 37(a)(1). Regardless, because Plaintiff supplemented

2

his responses on August 13, 2011, the instant motions (DE's 36 & 38) are DENIED AS MOOT. If any further discovery disputes are referred to the undersigned, sanctions will be imposed pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Friday, August 19, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE