UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-303-F

| | |
|---|---|
| EDGAR JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| BAC HOME LOANS SERVICING, LP, ) | |
| BROCK & SCOTT, PLLC, JEREMY B. ) | |
| WILKINS, and LAUREN REEVES, ) | |
| Defendants. ) | |

This matter is before the court on the following motions:

1.    Motion to Dismiss the Complaint pursuant to 12(b)(1) and 12(b)(6) filed by
Defendant BAC Home Loans Servicing, LP [DE-13];

2.    Motion to Dismiss the Complaint pursuant to 12(b)(1) and 12(b)(6) or alternatively,
Motion for a More Definite Statement pursuant to 12(3), filed by Defendants Brock
& Scott, PLLC, Jeremy B. Wilkins and Lauren Reeves [DE-17];

3.    Motion to Dismiss the Amended Complaint pursuant to 12(b)(1) and 12(b)(6) filed
by Defendants Brock & Scott, PLLC, Jeremy B. Wilkins and Lauren Reeves [DE-
21]; and

4.    Motion to Dismiss the Amended Complaint pursuant to 12(b)(1) and 12(b)(6) filed
by Defendant BAC Home Loans Servicing, LP [DE-24].

All briefing, responses and replies are complete. Accordingly, the motions are ripe for ruling.[1]

---

[1] In light of Plaintiff's filing of an amended complaint, the court DENIES AS MOOT the motions
to dismiss the complaint pursuant to 12(b)(1) and 12(b)(6) [DE-13] filed by Defendant BAC Home
Loans Servicing, LP and by Defendants Brock & Scott, PLLC, Jeremy B. Wilkins and Lauren
Reeves.

## I. PROCEDURAL HISTORY

Plaintiff Edgar Johnson ("Plaintiff" or "Johnson"), proceeding *pro se*, initiated this action by Complaint [DE-1] filed July 29, 2010. The original complaint, 57 pages in length, named as defendants BAC Home Loans Servicing, LP ("BAC"), Brock & Scott, PLLC ("B&S"), Lauren Reeves ("Reeves"), Jeremy B. Wilkins ("Wilkins") and the State of North Carolina and included the labels "FRAUD, BANK FRAUD[,] CONSPIRACY/OBSTRUCTION OF JUSTICE[,] TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERJURY, U.S. Patriot Act Title III" and "PETITION IN THE NATURE OF A SUIT FOR DEPRIVATION I OF FEDERALLY PROTECTED RIGHTS TITLE 42 USC 1983, 1981, 1985, 19~8, TITLE 18 USC 241, 242, 1512, 1968, 1964, FOR INJUNCTIVE AND DECLARATORY RELIEF AND OTHER DAMAGES AS THE COURT SHALL DETERMINE REASONABLE, LAWFUL, AND JUST." The complaint, which contained no obvious causes of action or factual allegations against the named defendants, is comprised primarily of a nonsensical memorandum of law on "bank fraud" and excerpts from caselaw from several jurisdictions allegedly considering the issues discussed in the "bank fraud" memorandum. Compl. [DE-1.1 at 1]. On September 23, 2010, Plaintiff filed an Amended Complaint [DE-20], removing the State of North Carolina as a defendant and alleging six counts. Count I alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The remaining counts recite the following state law claims: breach of contract (Count II), breach of implied duty of good faith (Count III), breach of fiduciary duty (Count IV), and violations of the North Carolina Mortgage Debt Collection and Servicing Act, N.C. Gen. Stat. § 45-90 *et seq.* (Count V), and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* (Count VI). Plaintiff alleges the claims arise out of "improprieties surrounding the

2

servicing of a note and deed of trust secured by real property purchased by" Plaintiff, which

eventually resulted in Plaintiff's property being sold at a foreclosure sale. Am. Compl. ¶¶ 1, 4 [DE-

20]. The court's jurisdiction over Plaintiff's FDCPA claim arises under 28 U.S.C. § 1331 and 15

U.S.C. § 1692k(d), and over Plaintiff's state-law claims under 28 U.S.C. § 1367.

On September 28, 2010, Defendants B&S, Reeves and Wilkins filed a Motion to Dismiss

[DE-21]. On October 7, 2010, Defendant BAC filed a Motion to Dismiss [DE-24] and an Answer

[DE-25], generally denying the allegations of the amended complaint and raising several affirmative

defenses. On October 21, 2010, Plaintiff filed a joint response [DE-28] to both motions to dismiss

to which Defendant BAC filed a Reply [DE-29] on October 28, 2010.[2]

## II. FACTUAL BACKGROUND

As is proper when considering a motion to dismiss, this court will consider the facts in a light

most favorable to Plaintiff.[3] According to the allegations in the amended complaint, in 2003,

_____

[2] Also, on September 9, 2011 and September 12, 2011, Defendant B&S, Reeves and Wilkins and Defendant BAC filed motions for summary judgment [DE-45, DE-47], respectively. The merits of these motions are not before the court for ruling.

[3] Ordinarily, on a motion to dismiss, the court may not consider any documents that are outside the complaint unless the motion is converted into one for summary judgment. FED. R. CIV. P. 12(d). The court is not limited to the four corners of the complaint, however. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004). In particular, courts have made narrow exceptions for "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 396 (4th Cir. 2006); *Feldman v. Law Enforcement Assocs. Corp.*, No. 5:10-CV-08-BR, _ F. Supp. 2d _, 2011 U.S. Dist. LEXIS 24994, at *30 n.8, 2011 WL 891447, at *25 (E.D.N.C. Mar. 10, 2011) (noting a court may consider "documents appearing in the record of the case, matters of public record, items subject to judicial notice, matters incorporated by reference into the complaint, and exhibits attached to the complaint whose authenticity is unquestioned") (citing 5B Wright & Miller, Federal Practice & Procedure § 1357). Matters of public record, in this context, have been understood to include "copies of pleadings and other materials filed in other courts." *Caldwell Trucking PRP Group v. Spaulding Composites Co.*, 890 F. Supp. 1247, 1252 (D.N.J. 1995). *See, e.g., Jean Alexander Cosmetics, Inc.*

3

Plaintiff executed a note evidencing a loan in the amount of $240,000, for the benefit of Countrywide Home Loans, Inc. ("Countrywide"), which was secured by a deed of trust on 122 Red Mountain Road, Rougemont, North Carolina recorded on July 1, 2003 in Book 3979 Page 155 of the Durham County Registry. Am. Compl. ¶¶ 1, 20; BAC Mot. Dismiss, Ex. B [DE-24.2]. According to Plaintiff, during the transition from Countrywide to Bank of America, Defendant BAC did not apply a mortgage payment to Plaintiff's account, causing the account "to appear one month deficient," and refused to assist Plaintiff in resolving the issue regarding the lost payment. *Id.* ¶ 24. In February 2010, Defendant BAC initiated foreclosure proceedings against Plaintiff. *Id.* ¶ 25. Defendant BAC did not offer Plaintiff "loss mitigation" or "pre-foreclosure" services and did not consider whether Plaintiff qualified for a loan modification under the federal Home Affordable Modification Program ("HAMP"). *Id.* Defendant B&S served as the substitute trustee handling the foreclosure proceedings and Defendants Wilkins and Reeves ("the Individual Defendants") served as agents thereof. *Id.* ¶ 27. The Individual Defendants "were personally involved in handling the foreclosure proceedings in connection with Plaintiffs' (sic) property." *Id.* ¶ 5.

On July 9, 2010, the Clerk of Superior Court for Durham County held a foreclosure hearing for the Deed of Trust. BAC Mot. Dismiss, Ex. A [DE-24.1]. At the hearing, the Clerk entered an

---

*v. L'Oreal USA, Inc.*, 458 F.3d 244, 256 n.5 (3d Cir. 2006) (finding consideration of the pleadings and opinions from prior proceedings did not require the district court to convert the defendant's motion to dismiss into one for summary judgment because "to resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint") (internal quotation marks and alteration marks omitted)).

Accordingly, the court has derived the facts controlling its analysis of the motion to dismiss by Defendants B&S, Wilkins and Reeves from Plaintiff's amended complaint, as well as state court pleadings from the foreclosure action brought by Defendant BAC against Plaintiff, copies of which were attached to the Motion to Dismiss of Defendants B&S, Wilkins and Reeves. [DE-24.1, 24.2, 24.3].

order ("the July 2010 order") allowing the foreclosure sale which included the following findings

of fact:

5.    BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, L.P., is the holder of the note sought to be foreclosed and it evidences a valid debt owed by *Edgar Johnson*.

6.    That said note is now in default and the instrument securing said debt gives the noteholder the right to foreclose under a power of sale.

7.    That notice of this hearing has been served on the record owners of the real estate and to all other persons against whom the noteholder intends to assert liability for the debt.

8.    That the Notice of Hearing for this proceeding was filed after the effective date for the Emergency Program to Reduce Home Foreclosures; however, the underlying mortgage debt is not a subprime loan as defined in N.C.G.S. 45-101(4) and any notices required under N.C.G.S. 45-102, et seq do not apply to this proceeding.

9.    That the debtors have shown no valid legal reason why foreclosure should not commence.

BAC Mot. Dismiss, Ex. A [DE-24.1]. At the time of the July 2010 foreclosure hearing, Plaintiff's

loan was "at least 60 days delinquent." Am. Compl. ¶ 18. Plaintiff alleges that he did not receive

the statutorily required information to which he was entitled prior to the hearing, including the

foreclosure hearing notice. Am. Compl. ¶ 28. Plaintiff alleges further that the foreclosure hearing

was not conducted as required under North Carolina law in that "there was no evidence presented

at the hearing as to prove the owner and holder of the note." *Id.*

On September 3, 2010, Plaintiff filed a Motion for Temporary Restraining Order in Durham

County Superior Court, requesting the court continue the foreclosure sale pending resolution of the

instant matter. Am. Compl. ¶ 31. On September 13, 2010, Superior Court Judge Michael R.

Morgan entered an order denying Plaintiff's motion. BAC Mot. Dismiss, Ex. C [DE-24.3]. In that

5

order, Judge Morgan noted that because Plaintiff failed to file an appeal of the July 2010 order within 10 days as required by N.C. Gen. Stat. §§ 1-301.2 and 45-21.16, the July 2010 order had become "fully and finally adjudicated." BAC Mot. Dismiss, Ex. C [DE-24.3]. On September 7, 2010, an agent for Defendant B&S sold the subject property at the Durham County Courthouse. Am. Compl. ¶ 33.

Based on the foregoing, Plaintiff alleges the following claims against Defendant BAC: breach of contract, breach of implied duty of good faith and violations of the North Carolina Mortgage Debt Collection and Servicing Act and the North Carolina Unfair and Deceptive Trade Practices Act. Plaintiff alleges the remaining defendants (collectively, the "FDCPA Defendants"), by handling the foreclosure proceedings, violated the FDCPA and breached a fiduciary duty owed Plaintiff.

### III. RULE 12(B)(1) MOTIONS TO DISMISS

It is a fundamental rule that a court has "jurisdiction to determine [its] jurisdiction." *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 27 (2d Cir. 2010). Federal subject matter jurisdiction is limited to actions in which the claim asserted by the plaintiff raises a federal question or in which there is diversity of citizenship between the plaintiff and the defendant. 28 U.S.C. §§ 1331, 1332. Federal question subject matter jurisdiction exists where the plaintiff alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Subject matter jurisdiction based on diversity of citizenship requires the plaintiff to demonstrate that none of the defendants holds citizenship in the same state as the plaintiff, and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

6

A defendant may challenge subject matter jurisdiction facially or factually. *Wollman v. Geren*, 603 F. Supp. 2d 879, 882 (E.D. Va. 2009). If the defendant presents a facial challenge by arguing the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts alleged in the complaint are presumed true. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, if the defendant presents a factual challenge by arguing that jurisdictional facts alleged in the complaint are untrue, the court may consider extrinsic information beyond the complaint to determine whether subject matter jurisdiction exists. *See Wollman*, 603 F. Supp. 2d at 882 (citation omitted). In both situations, the burden rests with the plaintiff to prove that federal jurisdiction is proper. *Id.*; *see also Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Here, Defendants have not advised the court of the nature of their attack. In reviewing their motions and memoranda in support thereof, however, it is apparent Defendant BAC and the FDCPA Defendants (collectively, "the Defendants") do not mount a facial attack as they acknowledge that Plaintiff has invoked the federal question jurisdiction of this court by asserting a cause of action pursuant to the FDCPA. The court finds further that Defendants have not mounted a factual attack as their filings do not challenge the factual premises set forth in the amended complaint. Nor have the Defendants requested discovery or an evidentiary hearing. *See Gottfried v. Germain (In re CP Ships Ltd. Sec. Litig.)*, 578 F.3d 1306 (11th Cir. 2009) ("When defendant did not advise district court that he was raising a factual challenge and did not request discovery or an evidentiary hearing, challenge to subject matter jurisdiction was facial and would be reviewed on pleadings."), *abrogated on other grounds by, Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010)). *See also Adams*, 697 F.2d at 1219 (explaining if a defendant mounts a factual challenge, the court may

7

determine "in an evidentiary hearing [whether] there are facts to support the jurisdictional allegations").

Rather, the Defendants' 12(b)(1) challenge rests on the belief that Plaintiff's amended complaints fails to set forth sufficient facts to state a claim under the FDCPA. In particular, Defendant BAC contends that the court lacks subject matter jurisdiction because Plaintiff's federal claim under the FDCPA – which Defendant BAC describes as "frivolous," "nonsensical, unclear and irrelevant" – fails to state a "recognizable" claim. Def. BAC's Mot. Dismiss at 2 [DE-24]; Def. BAC's Mem. Supp. Mot. Dismiss ("Def. BAC's Mem.") at 22 [DE-22]. Similarly, the FDCPA Defendants contend that because Plaintiff's amended complaint fails to set forth a "cognizable or recognized" cause of action under the FDCPA, there are no causes of action over which this court may exercise its subject matter jurisdiction. FDCPA Defs.' Mem. Supp. Mot. Dismiss ("FDCPA Defs.' Mem.") at 6-7 [DE-22].

The Defendants failed to raise any more than a bare assertion that the amended complaint lacks a factual predicate for subject matter jurisdiction. The position is moot, however, because, for the reasons detailed below, the amended complaint must be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. RULE 12(B)(6) MOTIONS TO DISMISS

### A. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

8

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal*, __ U.S.__, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000).

The standard for evaluating the sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

9

by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Notwithstanding the court's obligation to liberally construe a *pro se* plaintiff's allegations, however, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton*, 504 U.S. at 32, and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

## B.    Claims under the FDCPA

Plaintiff invokes federal question jurisdiction based solely on a FDCPA claim as a ground for the court's exercise of subject matter jurisdiction over this lawsuit. In the amended complaint, Plaintiff contends the FDCPA Defendants violated sections 1692d, 1692e, 1692f and 1692g of the FDCPA. Am. Compl. ¶ 36. The FDCPA Defendants argue that Plaintiffs' FDCPA claim is not properly pled and should be dismissed for failure to state a claim under Rule 12(b)(6). [DE-21].

Congress established the FDCPA to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). Specifically, the FDCPA prohibits, *inter alia*, the use of any conduct the natural consequence of which is to harass, oppress, or abuse any person, 15 U.S.C. § 1692d, any false, deceptive or misleading representations or means, 15 U.S.C. § 1692e, and any unfair or unconscionable means, 15 U.S.C. § 1692f, to collect or attempt to collect any debt, and requires a debt collector to provide a validation notice, 15 U.S.C. § 1692g. The FDCPA creates a private cause of action against debt collectors who violate its provisions. *See* 15 U.S.C. § 1692k.

To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is

10

a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Dikun v. Streich*, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005) (citing *Fuller v. Becker & Poliakoff*, 192 F. Supp. 2d 1361 (M.D. Fla. 2002)). The standard of review for evaluating FDCPA claims is that of the "least sophisticated debtor." *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999). "Although naive, the least sophisticated debtor is not 'tied to the very last rung of the intelligence or sophistication ladder.'" *Beasley v. Sessoms & Rogers*, No. 5:09-CV-43-D, 2010 U.S. Dist. LEXIS 52010, at *10, 2010 WL 1980083, at *4 (E.D.N.C. March 1, 2010) (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (concluding that the least sophisticated debtor "isn't a dimwit").

1.    Consumer Debt

Consumer debt is defined as an obligation to pay money arising from a transaction whose subject (e.g., property) is primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5). The Fourth Circuit has held that the enforcement of a security interest through foreclosure falls within the parameters of the FDCPA. *See Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373, 376 (4th Cir. 2006) (holding default on a note secured by a deed of trust is a consumer debt and concluding otherwise "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt") (citations omitted).[4]   Here, Plaintiff alleges that he is

---

[4] Despite the Fourth Circuit's holding in *Wilson*, a recent lower court decision has held that foreclosing on property is not debt collection activity. *Moore v. Commonwealth Trs., LLC*, 3:09-CV-731, 2010 U.S. Dist. LEXIS 113724, at *9, 2010 WL 4272984, at *4 (E.D. Va. Oct. 25, 2010). In so holding, *Moore* relied in part on *Hulse v. Ocwen Fed. Bank, FSB*, which held that "[f]oreclosing on a trust deed is distinct from the collection of the obligation to pay money. . . . Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). However, in *Wilson*, the Fourth Circuit

11

a debtor on a home loan secured by a deed of trust and that he was "at least 60 days delinquent" on said loan. Am. Compl. ¶¶ 18, 20, 25. Accordingly, Plaintiff has alleged sufficient facts to support his claim that Plaintiff's mortgage is a "consumer debt."

2.    Debt Collector

Before the court determines whether Plaintiff has validly stated claims of violations of the FDCPA, the court must determine next whether the FDCPA is applicable to each of the FDCPA Defendants. The FDCPA prohibits abusive debt collection practices by "debt collectors." *See* 15 U.S.C. § 1692(e). "Debt collectors" include

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Congress targeted situations where natural constraints would fail to inhibit debt collection practices: "Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them." S. Rpt. No. 95-382, 95th Cong., 1st Sess. Therefore, generally, the FDCPA does not apply to creditors. The Fourth Circuit Court of Appeals has held that law firms and lawyers acting in connection with a foreclosure may qualify as "debt collectors" under the FDCPA. *See Wilson*, 443 F.3d at 375 (holding attorneys acting in connection with a foreclosure can be "debt collectors" under the FDCPA).

---

expressly disagreed with the reasoning in *Hulse*, and concluded that a "'debt' remain[s] a 'debt' even after foreclosure proceedings commenced," and that actions surrounding foreclosure proceedings – including an eviction notice required by statute – can be considered attempts to collect such debts. *Wilson*, 443 F.3d at 376 (citations omitted).

The FDCPA Defendants contend Plaintiff failed to allege that they are "debt collectors," *see* FDCPA Defs.' Mem at 4 [DE-22]. However, in his amended complaint, Plaintiff expressly alleges that Defendant B&S is a debt collector. Am. Compl. ¶ 4. Plaintiff alleges further that the FDCPA Defendants, by handling the underlying foreclosure proceeding in connection with Plaintiff's property, attempted to collect debt owed Defendant BAC.[5] Am. Compl. ¶¶ 4-5, 27. The court finds Plaintiff's allegations regarding the involvement of the FDCPA Defendants in the underlying foreclosure action raise a plausible inference that both Defendant B&S and the Individual Defendants were sufficiently involved in the foreclosure proceedings to constitute a "debt collector" under the FDCPA.

3.    Violations of the FDCPA

Conduct prohibited by the FDCPA includes harassing, oppressive or abusive conduct (15 U.S.C. § 1962d), the "use of false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. § 1962e), the use of "unfair or unconscionable means" to collect a debt (15 U.S.C. § 1962f) and failure to validate a debt (15 U.S.C. § 1962g) – conduct in which Plaintiff contends the FDCPA Defendants have engaged. Am. Compl. ¶ 36.

In reviewing the FDCPA count, however, it is evident Plaintiff has not alleged sufficient facts to meet the basic pleading requirements of Rule 8(a). The FDCPA claim makes only the general allegation that

> Defendants violated sections 1692 (d), (e), (f), (g) of the Act by engaging in harassing and abusive conduct and unfair practices by assessing fees, including attorney fees,

_____

[5] Plaintiff does not allege any further facts as to the status of the FDCPA Defendants with the exception of alleging that Plaintiff sought information regarding the debt owed from Defendant B&S and the Individual Defendants. Am. Compl. ¶ 26.

handling the foreclosure proceedings . . . . Moreover, Defendants did not provide Plaintiffs the information to validate the debt as required under the Act.

Am. Compl. ¶ 36. The FDCPA allegation standing alone is a clear example of a "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and is not a "showing . . . of entitlement to relief." *Id.* at 556 n.3. However, the court is mindful of its duty to liberally construe Plaintiff's amended complaint and thus considers whether the amended complaint, when viewed in its entirety, states a violation of any of the sections identified above.

    a.    *Harrassment or Abuse – 15 U.S.C. § 1692d*

Section 1692d prohibits debt collectors from conduct "the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. *See Dorsey v. Morgan*, 760 F. Supp. 509, 515 (D. Md. 1991) (explaining "[c]laims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse") (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985)). While section 1692d deems certain nonexclusive activities to be *per se* harassing, *Dorsey*, 760 F. Supp. at 515 (citing *Jeter*, 760 F.2d at 1178), Plaintiff does not allege that the FDCPA Defendants committed any *per se* violations in this case. In fact, Plaintiff never identifies any activity by the FDCPA Defendants allegedly covered by section 1692d but rather relies on the court to craft a plausible claim on Plaintiff's behalf. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints are not, however, without limits . . . . courts [are not required] to conjure up questions never squarely presented to them. District judges are not mind readers.").

14

"Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury. Nevertheless, Congress has indicated its desire for the courts to structure the confines of § 1692d." *Jeter*, 760 F.2d at 1179 (citation omitted). Accordingly, "[c]ourts have therefore dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). Although section 1692d does not limit the types of behavior prohibited, they include use or threats of use of violence, obscene or profane language, coercion, annoying repeated phone calls or phone calls where the caller is not identified, or noncompliant publications of certain debts – "tactics intended to embarrass, upset, or frighten a debtor." *Harvey*, 453 F.3d at 330. Here, Plaintiff alleges no such tactics and in fact, states only that he sought but never received from the FDCPA Defendants information "regarding the owner and holder of the note, the full payment history, the amount of the delinquency, the assessment, rationale and breakdown of attorney fees and other fees tacked onto the amount owed." Am. Comp. ¶ 26. Construing Plaintiff's complaint liberally, Plaintiff's allegations imply at most that the harassing activity of the FDCPA Defendants was the initiation of foreclosure proceedings without supporting documentation. Am. Compl. ¶¶ 24, 28.

Plaintiff's complaint is similar to that considered by the Sixth Circuit in *Harvey*, where the debtor alleged only that the debt collector brought the original state court action without the immediate means to prove the debt owed. *Harvey*, 453 F.3d at 328. The *Harvey* court emphasized that the debtor did not deny owing the debt or allege that the debt collector misstated or misrepresented the debt amount, or failed to undertake a reasonable investigation into whether the debt existed or made false representations. *Id.* at 332. Similarly, here, Plaintiff's allegations against the FDCPA Defendants, which are limited to a failure to provide substantiating information and

15

"handling the foreclosure proceedings," arguably rest solely on the sufficiency of documentation supporting the underlying state court action. *See* Am. Compl. ¶¶ 4-5, 26. While Plaintiff alleges that Defendant BAC failed to properly credit a mortgage payment, Am. Compl. ¶ 24, Plaintiff never denies in his complaint that he owed Defendant BAC a debt. In fact, Plaintiff admits to being at least 60 days delinquent on his loan and does not allege that this delinquency was related to the allegedly improper loan servicing committed by Defendant BAC. *Id.* ¶ 18. Furthermore, Plaintiff's allegation that Defendant BAC failed to consider modifying Plaintiff's home loan under HAMP suggests Plaintiff was enduring financial hardship and thus unable to keep his mortgage current. *Id.* ¶ 19. That is, Plaintiff fails to allege facts indicating the foreclosure action was baseless or that the FDCPA Defendants misrepresented the debt.

Accordingly, the FDCPA Defendants' motion to dismiss is ALLOWED as to Plaintiff's section 1692d claim. *See Neild v. Wolpoff & Abramson, LLP*, 453 F. Supp. 2d 918, 925 (E.D. Va. 2006) (holding "[p]laintiff's allegations that [d]efendants violated the FDCPA merely by attempting to collect a disputed debt do not state a claim upon which relief can be granted); *Eichman v. Mann Bracken, LLC*, 689 F. Supp. 2d 1094, 1100-1101 (W.D. Wis. 2010) (explaining "to prevail on defendants' motion to dismiss, plaintiff must . . . allege that defendants' [state court claims] are frivolous, based on blatant lies or misrepresent a key fact"); *Popson v. Galloway*, No. 10-77E, 2010 U.S. Dist. LEXIS 75960, *12-15, 2010 WL 2985945, at *5-6 (W.D. Pa. July 27, 2010) (holding plaintiff's allegation that the debt collector "proceeded with the [state court action] without documentation detailing the purchases, payments, interest, and late charges, making it impossible for [p]laintiff to determine whether or not he owed the alleged debt and if it was correctly calculated . . . ." insufficient to state a claim under section 1692d).

16

b.    *False or Misleading Representations – 15 U.S.C. § 1692e*

Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of debt." The statute contains sixteen subsections listing types of conduct that are considered false, deceptive, or misleading. Plaintiff's amended complaint does not allege a violation under any particular subsection. In fact, as already explained in length above, Plaintiff's allegations against the FDCPA Defendants are limited to the failure of the FDCPA Defendants to provide supporting documentation of the debt and related fees and "handling the foreclosure proceedings."

Plaintiff has not alleged any facts from which the court could draw a reasonable inference that the FDCPA Defendants made a false representation. *See Beaudett*, 775 F.2d at 1278. Plaintiff's allegations deal strictly with the manner and means by which proof of the debt was presented by the FDCPA Defendants. *See* Am. Compl. ¶ 26. To the extent Plaintiff's allegations imply the filing of a lawsuit without substantiating documentation is false, deceptive or misleading, Plaintiff does not state a claim as "insufficient evidence or documentation claims based on the filing of a state court complaint do not constitute viable claims under section 1692e." *Donatelli v. Warmbrodt*, No. 08-1111, 2011 U.S. Dist. LEXIS 69207, at *24, 2011 WL 2580442, at *6 (W.D. Pa. June 28, 2011). *See also Harvey*, 453 F.3d at 330 (dismissing plaintiff's allegation that defendant violated the FDCPA "by filing a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that [defendant] . . . owned the debt" in violation of section 1692e where plaintiff "never denied in her complaint that she owed [defendant] a debt, nor did she claim [defendant] misstated or misrepresented the amount that she owed"); *Popson*, 2010 U.S. Dist. LEXIS 75960, at *12-15, 2010 WL 2985945, at *5-6 (allegations that debt collector filed a state

17

court suit "without documentation detailing the purchases, payments, interest, and late charges, making it impossible for [p]laintiff to determine whether or not he owed the alleged debt and if it was correctly calculated" did not state a claim under section 1692e because "filing of a state court suit . . . is not deceptive in nature" and plaintiff did not deny owing the debt).

Based on the foregoing, Plaintiff has failed to plead facts to support a violation of section 1692e, and the FDCPA Defendants' motion to dismiss is ALLOWED as to Plaintiff's section 1692e claim.

      c.    *Unfair or Unconscionable Attempts To Collect the Debt – 15 U.S.C. § 1692f*

The "unfair practices" section of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute does not define "unfair or unconscionable," but it does provide a non-exhaustive list of conduct that violates the section. *See id.* Cognizant that it could not anticipate every improper practice used by debt collectors, Congress enacted section 1692f to catch conduct not otherwise covered by the FDCPA. *See* S. Rep. No. 95-382, at 4 (Aug. 2, 1977) ("[T]his bill prohibits in general terms any harassing, unfair, or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed."). *See also Albritton v. Sessoms & Rogers, P.A.*, No. 5:09-CV-321-H, 2010 U.S. Dist. LEXIS 78371, at *14-15, 2010 WL 3063639, at *5 (E.D.N.C. Aug. 3, 2010) (explaining a cause of action under section 1692f "is a sort of catch-all, picking up unfair practices that manage to slip by §§ 1692d & 1692e"); *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001) ("§ 1692f serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e"). Accordingly, a complaint will be deemed deficient under this provision if it "does not identify any

18

misconduct beyond which [p]laintiffs assert violate other provisions of the FDCPA." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (citation omitted). *Accord Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) (explaining there is "a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA" and collecting cases).

Here, the amended complaint does not identify any additional misconduct to support a section 1692f claim. Indeed, no specific conduct whatsoever is alleged to support this claim. Accordingly, Plaintiff's failure to allege other conduct that was unfair and unconscionable under section 1692f warrants dismissal of this claim.

d. *Validation of Debts – 15 U.S.C. § 1692g*

Subsection 1692g(a) requires a debt collector to provide, in its initial communication with a consumer or within five days of that time, a debt validation notice informing the consumer of his or her right to dispute the validity of the debt. *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 139 (4th Cir. 1996); 15 U.S.C. § 1692g(a). If, upon receipt of this notice, "the consumer notifies the debt collector in writing within the thirty-day period described in [section 1692g(a)] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . ." 15 U.S.C. § 1692g(b).

In the amended complaint, Plaintiff alleges only that the FDCPA Defendants failed to "provide [] the information to validate the debt." Am. Compl. ¶ 32. The factual summary of the amended complaint contains an allegation that Plaintiff "requested information" from the FDCPA

19

Defendants "regarding the owner and holder of the note, the full payment history, the amount of the delinquency, the assessment, rationale and breakdown of attorney fees and other fees tacked onto the amount owed." *See* Am. Compl. ¶ 26. This allegation suggests that Plaintiff's section 1962g claim concerns subsection (b) – that is, the Defendant STS and the Individual Defendants failed to obtain verification of the debt.

While the Act does not define the term "verification" nor explain what constitutes sufficient verification, the Fourth Circuit Court of Appeals has held that

> verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt . . . . There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.

*Chaudhry*, 174 F.3d at 406 (citations and quotations omitted). Here, Plaintiff has not pled that he timely notified the FDCPA Defendants in writing that the debt or any portion thereof was disputed, nor has Plaintiff asserted that the debt was in fact disputed. In fact, as noted previously, Plaintiff concedes that his loan was "at least 60 days delinquent." Am. Compl. ¶ 18.

The court observes that in a companion case, *Johnson v. BAC Home Loans Servicing, LP*, No. 5:10-CV-271-F (E.D.N.C.), the docket includes a filing entitled "Notice of Removal" [DE-64.13] – which was recorded by Plaintiff in the Durham County Registry on March 25, 2010 and recorded on April 19, 2010.[6] Therein Plaintiff attempts to terminate the rights provided in the deed of trust of Defendant BAC, the trustee, the substitute trustee and any agents or assigns thereof. [DE-64.13 at 2]. While the removal notice includes other nonsensical demands, allegations of fraud and

---

[6] The Notice of Removal is a public record filed in the Durham County Registry and thus may be considered by court on a 12(b)(6) motion. *See Witthohn*, 164 Fed. Appx. at 396.

citations to case law outside of the Fourth Circuit Court of Appeals, it also quotes section 1692g(b) and demands that the "Debt Collector[] [] cease all collection activity, re [sic] the alleged account/debt, until Respondent is sent the herein requested verification . . . ." [DE-64.13 at 9]. The removal notice further provides that the debt collector provide an original copy of the alleged debt. [DE-64.14 at 10]. The "Certificate of Service" attached to the removal notice indicates Defendant BAC and Defendant B&S were served copies of the removal notice. [DE-64.13 at 14].

First, the court finds that the "Notice of Removal" does not constitute an effective verification request as envisioned under section 1692g(b). While the FDCPA is designed to protect consumers, section 1692g is a notice statute, the spirit of which is arguably intended to assist both the debt collector and the debtor. For example, provision (a) specifies the content of the written debt verification notice debt collectors are required to send consumers, and the placement of this notice in the debt collector's communication to the debtor "must not be overshadowed or contradicted by other messages." *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 139 (4th Cir. 1996). *Accord Miller v. Payco-General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991). Similarly, provision (b) serves as a notice to debt collectors by which they must abide <u>only if</u> the consumer requests validation in writing and within a specific time frame. 15 U.S.C. § 1692g(b). A debtor's failure to abide by the requirements of provision (b) "permits the debt collector to pursue debt collection efforts which are not otherwise prohibited by the FDCPA and releases the debt collector from its obligation to provide verification of the debt to the consumer under § 1692g(a)(4)." *Russell v. Absolute Collection Servs.*, No. 1:09-CV-515, 2011 U.S. Dist. LEXIS 61944, at *3-4 (M.D.N.C. Jan. 10, 2011). While the FDCPA exists to protect unsophisticated debtors who cannot be expected to assert their section 1692g rights in legally precise phrases, the exercise of such rights should be done

21

in such a manner so that the debt collector is put on fair notice. Here, Plaintiff filed a thirteen page document in the Durham County, North Carolina Register of Deeds, the title of which ("Notice of Removal") in no way signifies a verification request. Furthermore, the majority of this notice contains nonsensical demands and rambling allegations, with the verification request buried in the midst of such demands and allegations.

Second, even assuming the "Notice of Removal" constitutes a proper verification request, Plaintiff has not alleged that he disputed the debt within the 30-day period described in 15 U.S.C. § 1692g(a)(3), which would have created affirmative obligations for the FDCPA Defendants under 15 U.S.C. § 1692g(b). Accordingly, Plaintiff does not state a claim under section 1692(g)(b). *See Ogbin v. GE Money Bank*, No. 10-5651(NLH)(AMD), 2011 U.S. Dist. LEXIS 64735, at *15, 2011 WL 2436651, at *5 (D.N.J. Jun. 13, 2011) (dismissing plaintiffs' section 1692g(b) claim in part because plaintiffs "failed to allege that their dispute was provided within the 30-day window"); *Hargrove v. WMC Mortg. Corp.*, No. 07-2468, 2008 U.S. Dist. LEXIS 67727, at *10, 2008 WL 4056292, at *3 (S.D. Tex. Aug. 29, 2008) (holding plaintiffs failed to state a claim under section 1692g(b) because the amended complaint made no allegation as to whether plaintiffs' "sent their debt dispute letters to [defendant] . . . within a 30-day period after having received a § 1692g(a) notice of debt").

## C.    State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), this court has discretion to decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction." In the interest of avoiding "[n]eedless decisions of state law," the Supreme Court has stated that, when "federal claims are dismissed before trial . . . state claims should be dismissed as

22

well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). *See also Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (noting "trial courts enjoy wide latitude in determining whether [] to retain jurisdiction over state claims when all federal claims have been extinguished"). Accordingly, pursuant to the dismissal of Plaintiffs' only claim arising under federal law in the present case, this court declines to exercise supplemental jurisdiction over Plaintiff's state law claims set forth in Counts II, III, IV, V and VI of the amended complaint. Accordingly, Plaintiff's state law claims are therefore DISMISSED WITHOUT PREJUDICE.

## V.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss the Complaint [DE-13] filed by Defendant BAC Home Loans Servicing, LP and the Motion to Dismiss the Complaint or alternatively, Motion for a More Definite Statement [DE-17] filed by Defendants Brock & Scott, PLLC, Jeremy B. Wilkins and Lauren Reeves are DENIED AS MOOT. The Motion to Dismiss the Amended Complaint [DE-21] filed by Defendants Brock & Scott, PLLC, Jeremy B. Wilkins and Lauren Reeves and the Motion to Dismiss the Amended Complaint [DE-24] filed by Defendant BAC Home Loans Servicing, LP are ALLOWED. Any other pending motions are DENIED as moot and the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the __21st__ day of September, 2011.

_____

JAMES C. FOX
Senior United States District Judge