UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-303-F

| | |
|---|---|
| EDGAR JOHNSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BAC HOME LOANS SERVICING, LP, )<br>BROCK & SCOTT, PLLC, JEREMY B. )<br>WILKINS, and LAUREN REEVES, )<br>Defendants. ) | ORDER |

This matter is before the court on Plaintiff's Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [DE-52]. Defendant BAC Home Loans Servicing, LP ("BAC") has responded [DE-53] and the time for filing has reply has expired. This motion is therefore ripe for ruling.

## I. PROCEDURAL HISTORY

On September 29, 2011, the court allowed the motions to dismiss the amended complaint pursuant to 12(b)(1) and 12(b)(6) filed by Defendants Brock & Scott, PLLC, Jeremy B. Wilkins and Lauren Reeves [DE-21] and by Defendant BAC Home Loans Servicing, LP [DE-24].[1] [DE-49]. The court also denied as moot any other pending motions, which included a motion for summary judgment by Brock & Scott, PLLC ("B&S"), Lauren Reeves ("Reeves"), Jeremy B. Wilkins ("Wilkins") [DE-25] and a motion for summary judgment filed by BAC [DE-47]. Plaintiff Edgar W. Johnson ("Plaintiff" or "Johnson") now moves this court pursuant to Rule 59 of the Federal Rules

---

[1] In that same order, the court denied as moot the motions to dismiss the complaint pursuant to 12(b)(1) and 12(b)(6) filed by Defendant BAC Home Loans Servicing, LP [DE-13] and by Defendants Brock & Scott, PLLC, Jeremy B. Wilkins and Lauren Reeves [DE-17].

of Civil Procedure to reconsider its September 29, 2011 decision ("the Order").[2] The relevant facts of this case are set forth in this court's decision in *Johnson v. BAC Home Loans Servicing, LP*, No. 5:10-CV-303-F, 2011 U.S. Dist. LEXIS 112245, 2011 WL 4544013 (E.D.N.C. Sept. 29, 2011) and will not be reiterated here.

## II. STANDARD OF REVIEW

Rule 59(e) permits a court to alter or amend a judgment. *See* FED. R. CIV. P. 59(e). In particular, Rule 59(e) permits revisitation of a prior decision in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 386 n.2 (4th Cir. 2010) (alternation added & citation omitted). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," *Delong v. Thompson*, 790 F. Supp. 594, 618 (E.D. Va. 1991), and "is [not] intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). *Accord Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (explaining Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) ("Parties [] may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."). Although district courts enjoy considerable

---

[2] A motion for reconsideration under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." FED R. CIV. P. 59(e). Plaintiff filed this motion on October 9, 2011, ten days after the Order. Thus, Plaintiff's motion is timely under Rule 59(e).

2

discretion in granting or denying a motion under Rule 59(e), "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Jarmak v. Ramos*, No. 6:10-CV-48, 2011 U.S. Dist. LEXIS 107031, at *3, 2011 WL 4381496, at *1 (W.D. Va. Sept. 21, 2011)(quoting 11 Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 2011)). *Accord Pac. Ins. Co. v. Am.. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (describing reconsideration of a judgment as "an extraordinary remedy").

### III. DISCUSSION

Plaintiff sets forth the following grounds in support of his motion: (1) allegations in his amended complaint were sufficiently set forth to state a claim under the the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) FDCPA violations "should be viewed through the lenses of the law pertaining to mortgage backed securities;" (3) there is new evidence available which supports his claims; and (4) manifest injustice would occur if the amended complaint is dismissed because a discovery dispute exists. Pl.'s Mot. at 4-5. The court addresses each in turn.

Plaintiff's first two arguments for relief do not fall under any of the three situations identified by the Fourth Circuit for altering a judgment under Rule 59(e). In particular, the first argument is simply a reassertion of the same argument previously considered and decided by the court. *See Durkin*, 444 F. Supp. at 889. In Plaintiff's second argument, Plaintiff suggests the application of securities law also governs his claims of improper debt collection. Aside from the obvious fact that such claims are governed solely by the FDCPA, *see* 15 U.S.C. § 1692(e) (FDCPA established by Congress to "eliminate abusive debt collection practices"), Plaintiff cites no authority on how application of a different law would impact the court's analysis of whether Plaintiff stated a claim

under the FDCPA. More importantly, "Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'" *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) (citation omitted). *See also Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) (noting a party, on a motion for reconsideration, "should not be allowed to switch from theory to theory like a bee in search of honey").

Plaintiff's third basis for bringing the motion is that new evidence exists which was not previously available at the time the September 2011 decision was rendered. Specifically, Plaintiff contends the

> new evidence . . . demonstrat[es] that Plaintiff does not owe a debt to Defendant BOA because Defendant BOA is not the owner of the note, not the Holder of the note, nor has any legal standing to sue in foreclosure. Moreover, new evidence indicates that there were multiple payment sources for the note indicating that Plaintiff did not in fact owe a debt to anyone, much less Defendant BOA. Moreover, Plaintiff now knows that his loan was a part of the MERS ["Mortgage Electronic Registration Systems, Inc."] system which is defective in that the note was not properly conveyed as it passed through the hands of different institutions nor was it properly recorded in the Durham County Lands Records system. The investor was not named in MERS for the mortgage and thus the real creditor who has legal standing to sue in foreclosure is not known.

Pl.'s Mot. at 4. The court finds, however, that this new evidence does not necessitate reconsideration of the Order. First, any allegations regarding the propriety of the underlying foreclosure action, the operation of MERS and the recordation of the deed of trust securing a loan in favor of Defendant BAC and owed by Plaintiff are irrelevant to Plaintiff's FDCPA claims and thus cannot constitute new evidence. Second, as to evidence supporting Plaintiff's allegation that Defendant BAC is not the owner or holder of the note and that Plaintiff is not indebted to anyone, Plaintiff offers no explanation for his failure to submit these new allegations earlier. *See also Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998) (stating that where a Rule 59(e) motion relies

4

upon new evidence, the party must offer a "legitimate justification" for not providing the evidence earlier)). Indeed, in light of the underlying foreclosure action, the loan details which Plaintiff wishes to proffer as new evidence would have been available to him well before this action commenced. As a result, the motion for reconsideration must be denied. *See Cureton v. Cianbro Corp.*, No. JFM-06-2303, 2007 U.S. Dist. LEXIS 7388, at *5, 2007 WL 397025, at *2 (D. Md. Jan. 30, 2007) (denying plaintiff's motion to reconsider order dismissing complaint for failure to state a claim based on "additional particularized allegations" where plaintiff "provid[ed] no explanation for why these new facts were not submitted earlier"). *See also Bingham v. Massachusetts*, No. 08-11770-GAO, 2009 U.S. Dist. LEXIS 56937, at *4 (D. Mass. May 6, 2009) (upholding order dismissing amended complaint where evidence presented did not qualify as "newly discovered" within the meaning of Rule 59(e) where evidence was obtainable prior to the rendering of the judgment). Moreover, the conclusory assertion that Plaintiff did not owe a debt to anyone is belied by the record. As the court observed in its Order, "Plaintiff admit[ted] to being at least 60 days delinquent" on his home loan. *Johnson*, 2011 U.S. Dist. LEXIS 112245, at *26, 2011 WL 4544013, at *8. Indeed, based on Plaintiff's allegation that he was debtor on a home loan secured by a deed of trust and that he was "delinquent" on said loan, the court found Plaintiff had alleged sufficient facts to support his claim that Plaintiff's mortgage was a "consumer debt" as defined under the FDCPA. Furthermore, Plaintiff's amended complaint included the allegation that Defendant BAC failed to consider whether Plaintiff qualified for a loan modification under the federal Home Affordable Modification Program. *Id.*, 2011 U.S. Dist. LEXIS 112245, at *5, 2011 WL 4544013, at *8. A party seeking a motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decisions." *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988).

5

Plaintiff has failed to set forth such facts or law.

Finally, Plaintiff asserts a manifest injustice will occur if the court's judgment is not reconsidered "because the parties in this action were [p]ermitted to proceed to discovery and Defendants were permitted to file motions for summary judgment yet Defendant BOA has refused to produce documents as requested by Plaintiff." Pl.'s Mot. at 5. At the outset, the court notes that Plaintiff does not explain how the documents allegedly withheld have any bearing on Plaintiff's failure to allege sufficient facts in his amended complaint to state a claim under the FDCPA. Moreover, if Plaintiff believed Defendant BAC engaged in inappropriate behavior during the discovery period, the proper procedure would have been for Plaintiff to file a motion to compel discovery. "It is inappropriate to use a motion to amend the judgment pursuant to Rule 59(e) as a vehicle to remedy perceived deficiencies in the discovery process." *Donahue v. Occidental Chem. Corp.*, No. 98-1803(2), 2000 U.S. Dist. LEXIS 1229, at *4, 2000 WL 134693, at *1 (E.D. La. Feb. 3, 2000). In the context of a motion under Rule 59(e), "manifest injustice does not exist where, as here, a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered." *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005) (citation omitted). Plaintiff has not presented any evidence that by granting his motion, the court will prevent a manifest injustice. Plaintiff's amended complaint was dismissed without prejudice, affording Plaintiff the opportunity to pursue his state court claims, which are premised on the state foreclosure action that served as the basis for his FDCPA claim, in state court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE-52] is DENIED.

SO ORDERED.

This, the 18th day of January, 2012.

                                                        *James C. Fox*
                                                        JAMES C. FOX
                                                        Senior United States District Judge